M. HOLLY NUNN, ROBERT G. NUNN III, AND EDDIE KINZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nunn v. Commissioner
Docket No. 17550-91
United States Tax Court
T.C. Memo 1992-301; 1992 Tax Ct. Memo LEXIS 320; 63 T.C.M. (CCH) 3060; May 20, 1992, Filed *320 An appropriate order and decision will be entered. After receiving a letter from the IRS denying their claim for administrative costs incurred in securing a refund of a wrongful levy, Ps filed a petition for administrative costs. R moved to dismiss for lack of jurisdiction. Held, the Court has jurisdiction in this case. Gustafson v. Commissioner, 97 T.C. 85 (1991). Held, further, Ps are not entitled to an award of administrative costs because such costs were not incurred after the earlier of the decision of the IRS Office of Appeals or a deficiency notice, as required by sec. 7430(c)(2), I.R.C.
M. Holly Nunn, Robert G. Nunn, III, and Eddie Kinzer, pro se. Agnes Gormley, for respondent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. (All section references are to the Internal Revenue Code in effect at all times relevant to this proceeding. Rule references are to the Tax Court Rules of Practice and Procedure.) The sequence of events was as follows. 1. Petitioners filed a petition with this Court pursuant to section 7430(f)(2) seeking review of an Internal *321 Revenue Service (IRS) decision denying petitioners' request for administrative costs. Petitioners allege that the Collection Division of the IRS wrongfully levied on bank accounts belonging to petitioners M. Holly Nunn and Eddie Kinzer. According to petitioners, the levies were made in an effort to collect taxes owed by petitioner Robert Nunn, who was a signatory on, but had no ownership interest in, the bank accounts. Petitioners incurred attorney's fees and other costs in an effort to secure a refund of the wrongfully levied funds. Robert Nunn is a petitioner herein because he paid the attorney's fees for Mrs. Nunn and Mrs. Kinzer. 2. Respondent filed a motion to dismiss for lack of jurisdiction. In that motion, respondent alleged that the Court lacks jurisdiction in this case because petitioners failed to attach evidence of an IRS decision denying petitioners' claim for administrative costs. According to respondent, such a decision is necessary for this Court to have jurisdiction over a claim for administrative costs. 3. Petitioners filed a notice of objection to respondent's motion to dismiss. Petitioners attached to their notice of objection a letter from the IRS Chief, *322 Advisory Unit, Special Procedures Function in Richmond, Virginia, denying petitioners' request for administrative costs. The letter states in part: This is in reply to your letter dated May 15, 1991, requesting attorney's fees in connection with an erroneous levy on M. Holly Nunn's account. This is to advise you that your claim is disallowed. * * * Internal Revenue Code Section * * * 7430 does not provide for attorney's fees at the administrative level.
4. Respondent filed a response to petitioners' notice of objection. In that response, respondent asserts that petitioners are not entitled to an award of administrative costs because they did not sustain "administrative costs" as defined in section 7430(c)(2) and because there was no "position of the United States" as defined in section 7430(c)(7)(B). Since petitioners did not allege sufficient facts to support a claim for administrative costs, respondent asks the Court to dismiss the petition for lack of jurisdiction. 5. Petitioners filed a response to respondent's response. In their response, petitioners disagree that they have not met the requirements of section 7430, and they argue that it would be fundamentally *323 unfair to deny their claim for administrative costs in the face of respondent's wrongful levy. * * * Rule 232(a) provides in part: A motion for reasonable litigation or administrative costs may be disposed of in one or more of the following ways, in the discretion of the Court: (1) The Court may take such action as it deems appropriate, on such prior notice, if any, which it may consider reasonable. The action of the Court may be taken without written response or hearing.
The Court has decided to dispose of the petition for administrative costs without a hearing or further written submissions. Section 7430(a)(1) authorizes the awarding of reasonable administrative costs incurred in connection with an administrative proceeding within the IRS. If the taxpayer disagrees with the decision of the IRS, section 7430(f)(2) gives the Tax Court jurisdiction to review the IRS decision. Gustafson v. Commissioner, 97 T.C. 85 (1991). In Gustafson, we held that a letter similar to the one sent to petitioners was a "decision" within the meaning of section 7430(f)(2) and that the Tax Court therefore had jurisdiction to review the IRS decision. Thus, *324 the requirement for our jurisdiction under section 7430(f)(2), a decision by the IRS granting or denying a request for administrative costs, is present in this case, and we have jurisdiction to review the IRS decision denying petitioners' request for administrative costs. Therefore, respondent's motion to dismiss for lack of jurisdiction will be denied. We turn now to the question of whether petitioners are entitled to an award of administrative costs under section 7430. Section 7430(a) provides that the prevailing party in an administrative proceeding brought against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty may be awarded reasonable administrative costs incurred in connection with such administrative proceeding within the IRS. The term "prevailing party" means a party that (1) establishes that the position of the United States in the proceeding was not substantially justified, (2) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues, and (3) meets the net worth requirement. Sec. 7430(c)(4). The term "position of the United States" *325 means the position taken by the government in an administrative proceeding as of the earlier of the date of the receipt by the taxpayer of the notice of decision of the IRS Office of Appeals or the date of the notice of deficiency. Sec. 7430(c)(7)(B). The term "reasonable administrative costs" includes costs incurred by a taxpayer in an administrative proceeding, but only those costs incurred on or after the earlier of the date of receipt by the taxpayer of the notice of decision by the IRS Office of Appeals or the date of the notice of deficiency. Sec. 7430(c)(2). Respondent alleges in her response to petitioners' notice of objection that the term "position of the United States" means the position taken by the Government in an administrative proceeding as of the earlier of the date of the receipt by the taxpayer of the notice of decision of the IRS Office of Appeals or the date of the notice of deficiency. Since the costs incurred by petitioners were in connection with a collection proceeding, no notice of deficiency or Appeals Office decision was ever issued. Thus, according to respondent, there is no position of the United States in this case, and petitioners cannot be prevailing *326 parties. Respondent also contends that since there was no decision of the Office of Appeals or notice of deficiency, petitioners could not have incurred administrative costs of the type contemplated by section 7430(c)(2). Petitioners do not contest respondent's contention that no Office of Appeals decision or notice of deficiency was ever issued in this case. They argue instead that respondent's interpretation of section 7430 would virtually preclude taxpayers from ever recovering administrative costs and that such an outcome would be manifestly unfair. As noted above, the section 7430(c) definition of administrative costs includes a requirement that those costs be incurred after a notice of deficiency or Appeals Office decision has been issued. It necessarily follows that in a case where no Appeals Office decision or notice of deficiency has been issued, as in the instant action, no administrative costs as defined by the statute could have been incurred. Accordingly, we hold that petitioners did not incur administrative costs within the meaning of section 7430(c)(2) and are not entitled to an award of administrative costs. An appropriate order and decision will be entered *327 .