**DONLON I DEVELOPMENT CORPORATION, a California Corporation, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV 92–4269 Kn (GHKx).**

United States District Court, C.D. California.

March 1, 1993.

Nancy Louise Iredale, Paul Hastings Janofsky & Walker, Los Angeles, CA, for petitioner.

Terree A. Bowers, U.S. Atty., Mason C. Lewis, Asst. U.S. Atty., Chief, Tax Div., Edward M. Robbins, Jr., Asst. U.S. Atty., Los Angeles, CA, for United States of America.

### ORDER Re: PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS

KENYON, District Judge.

The Court, having received and considered Petitioner's Motion, and the papers submitted in support thereof and in opposition thereto, hereby **DENIES** Petitioner's Motion for Attorney's Fees and Costs for the reasons discussed below:

### I. BACKGROUND

The I.R.S., through Revenue Agent Louise Cortez had been conducting an audit of Petitioner. Agent Cortez served third-party record summonses on two banks; however, these summonses were defective because Agent Cortez failed to give Petitioner Donlon Development Corp. the required notice under

26 U.S.C. § 7609(a)(1). Petitioner then brought a proceeding in this Court to quash the summonses pursuant to 26 U.S.C. § 7609(b)(2), (h). Petitioner also sought to remove Agent Cortez from the case. Respondent United States' Motion to Dismiss was granted, but the case remains open for the limited purpose of entertaining Petitioner's request for attorney's fees under 26 U.S.C. § 7430.

## II. THE LAW

The relevant statutory and case law regarding attorney's fees under the Internal Revenue Code (I.R.C.) (Title 26) is as follows:

Section 7430 provides that the "prevailing party" may be awarded reasonable administrative or litigation costs "in any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty" under the I.R.C. 26 U.S.C. § 7430(a).

"Prevailing party" is defined in subsec. (c)(4):

(4) **Prevailing party.—**

(A) **In general.—**The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—

(i) which establishes that the position of the United States was not substantially justified,

(ii) which—

\* \* \* \* \* \*

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(iii) which [has a net worth which did not exceed $7,000,000 and fewer than 500 employees at the time the proceeding commenced].

█ "Position of the United States" is defined in subsec. (c)(7):

(7) **Position of the United States.—**The term "position of the United States" means—

(A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and

(B) the position taken in the administrative proceeding to which subsection (a) applies as of the earlier of—

(i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or

(ii) the date of the notice of deficiency.

A recent Ninth Circuit decision determined:

According to the plain language of § 7430 and normal rules of statutory construction, a bifurcated analysis of "substantially justified" should be made in each proceeding.

*Huffman v. C.I.R.*, 978 F.2d 1139 (9th Cir. 1992). That is, first a determination must be made as to whether the Government had "substantially justified" its position for the administrative phase of the dispute. Second, a determination must be made as to whether the Government had "substantially justified" its position for the judicial phase of the dispute.

## III. ANALYSIS

The parties agree most of the provisions of the statute are satisfied,[1] but they dispute whether the "position of the United States" was "substantially justified." The resolution of this dispute requires a bifurcated analysis of "substantially justified" to determine which "position of the United States" applies.

### A. Administrative Proceedings

█ Petitioner contends that Agent Cortez's actions prior to the litigation were unreasonable, and the United States agreed when counsel for the Government labeled the actions "mind-boggling." Petitioner therefore claims that the position of the United States at the administrative proceedings was

---

**1.** The Government concedes that the Petitioner prevailed with respect to the most significant issue (withdrawal of the summonses), and for the purposes of this action only, that the Petitioner meets the net worth requirements.

not "substantially justified." However, according to the Ninth Circuit, the earlier of the deficiency notice provision or the Office of Appeals provision "marks the starting point of the United States' position." *Huffman*, 978 F.2d at 1147. The summons stage of an IRS investigation is not subject to the deficiency notice provisions of the I.R.C., and the IRS Office of Appeals has no jurisdiction to determine whether a summons should be issued. *See* 26 U.S.C. § 6213. This case involved no administrative proceedings that § 7430 recognizes for the purposes of awarding attorney's fees. Therefore, Petitioner is unable to receive attorney's fees for the administrative proceedings.

### B. *Judicial Proceedings*

Petitioner brought suit in this Court under the provisions of § 7609. A proceeding to quash any summons that does not comply with § 7609 shall be brought in United States District Court no later than 20 days after notice of the third-party summons. 26 U.S.C. § 7609(b)(2), (h). In this case, Petitioner complied with these provisions, and it is necessary to determine whether attorney's fees must be awarded for the judicial proceedings. Once again, if the position of the United States at the judicial proceedings was not "substantially justified," Petitioner is entitled to a fee award.

■ "Generally, the position of the United States is established initially by the Government's answer to the petition." *Huff-*

*man*, 978 F.2d at 1148. If the Government concedes the petitioner's case in its answer, its conduct is reasonable.[2] *Id.* In this case, the Government withdrew the summonses at issue before it filed its Motion to Dismiss on October 16, 1992.[3] The Government "conceded" the case before its answer, and therefore its conduct was "substantially justified." [4]

■ Petitioner contends that the position of the United States was not "substantially justified" because it did not act promptly to withdraw the summonses—a period of 2½ months lapsed between the filing of the motion to quash and the United States' withdrawal. However, the position of the United States cannot be measured until it files its answer. *See id.*

■ Petitioner raises another contention in its reply. Petitioner argues that Agent Cortez' improper conduct continued after the summonses were withdrawn (and therefore continuing into the judicial proceedings). This claim is based on the fact that a letter from Agent Cortez to First Los Angeles Bank dated October 1, 1991, stated "we have not made copies" of the documents the bank had provided,[5] but Agent Cortez reveals in her declaration in support of United States' opposition that a copy of one of the documents was made and furnished to another revenue agent. Agent Cortez states she advised the other revenue agent to destroy the copy, but no proof has been offered to indicate the copy was destroyed. Petitioner con-

---

2. The Ninth Circuit qualified this rule when it went on to state:

> The Congressional intent behind section 7430 is not served by looking only to the answer to the petition to determine whether the position of the United States was "substantially justified." The better approach is to examine the parties' conduct within each stage of the case. *Huffman*, 978 F.2d at 1148. The court was referring to the fact that although the Government conceded the petitioner's position, it took a position which was not "substantially justified" in disputing the petitioner's entitlement to attorney's fees regarding the prior administrative proceedings. *Id.* Thus, the court held that the Government's position was not reasonable. *Id.* The present case does not raise such a dilemma, and therefore, the position of the United States in its answer to the petition alone must be substantially justified.

3. FRCP 12(a) requires the United States to answer the complaint within 60 days of service. However, the parties stipulated and an order was granted on October 1, 1992, extending the time to answer.

4. Although the standard has changed from "reasonable" to "substantially justified," the standard is still measured by "reasonableness": "Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Huffman*, 978 F.2d at 1147 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)).

5. This bank was the one party to comply with the summons before the motion to quash was brought. However, the IRS was advised not to look at or use the documents provided.

tends "at least one improperly obtained document may still be in the [IRS's] possession." The Court finds, however, that this alleged conduct does not indicate the position of the United States in the judicial proceedings was not "substantially justified."

## IV. CONCLUSION

In making this decision, the Court in no way means to condone the admittedly improper conduct of the IRS in issuing the summonses without notice. However, the position of the United States in the judicial proceedings was "substantially justified." As such, Petitioner fails to meet the requirements of a prevailing party and cannot recover attorney's fees.[6] Accordingly, Petitioner's motion is **DENIED.**

IT IS SO ORDERED.

---

**6.** Petitioner contends the express intent of Congress—to deter abusive actions and overreaching by the IRS and enable individual taxpayers to vindicate their rights regardless of their economic circumstance—will not be met unless attorney's fees are awarded. However, the Ninth Circuit determined the bifurcated analysis of "substantially justified" meets Congress' objective. *Huffman,* 978 F.2d at 1146.

The Court notes, moreover, that the costs Petitioner seeks are based on 42 total hours—*31 hours of which were spent preparing the attorney's fees motion for 11 hours spent bringing the motion to quash.*