**In re ACME MUSIC COMPANY, INC., Debtor.**

**ACME MUSIC COMPANY, INC., Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 93–23514–MBM. Adversary No. 94–2296.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 27, 1997.

William C. Kaczynski, Pittsburgh, PA, James A. Prostko, Phillips & Galanter, P.C., Pittsburgh, PA, and Dixon R. Rich, Jr., Rich, Fluke, Tishman & Rich, Pittsburgh, PA, for ACME Music Company, Inc.

R. Scott Clarke, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Internal Revenue Service.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH, Bankruptcy Judge.

ACME Music Company, Inc. (ACME) commenced the above-captioned adversary proceeding so that this Court, pursuant to 11 U.S.C. § 505(a)(1), could determine both the amount and/or legality of taxes assessed by the Internal Revenue Service (IRS). Pursuant to an opinion and order of this Court dated June 7, 1996, *ACME Music Company, Inc. v. Internal Revenue Service*, 196 B.R. 925 (Bankr.W.D.Pa.1996), as well as a further order dated December 19, 1996, approving settlement of residual issues, this Court determined that ACME was not liable for any of the taxes assessed and filed as proofs of claim in this case. Pursuant to § 7430 of the Internal Revenue Code (I.R.C.) ACME now brings its motion for an award of administrative and litigation costs which it incurred prior to, as well as throughout, said proceeding. For the reasons set forth below, this Court finds that it must **DENY** the motion with prejudice.

## DISCUSSION

"In an action before the bankruptcy court against the IRS, the prevailing party

may be awarded a judgment for reasonable litigation costs incurred in connection with the proceeding." *Matter of Evans,* 188 B.R. 598, 601 (Bankr.D.Neb.1995) (citing I.R.C. § 7430(a)). Because this Court made the final determination as to the legality of the underlying tax assessment (ie., determination as to which party "prevailed"), this Court has jurisdiction over awards for costs incurred in any relevant administrative proceeding as well. *Id.* at 601–02; I.R.C. § 7430(c)(2)(B), (c)(4)(C)(ii) (West Supp.1997). With respect to subject matter jurisdiction in general, this Court concludes, as have a majority of other courts, that it has jurisdiction to decide a motion under I.R.C. § 7430. *Evans,* 188 B.R. at 602 (citing *In re Grewe,* 4 F.3d 299 (4th Cir.1993); *In re Germaine,* 152 B.R. 619 (9th Cir. BAP 1993); *O'Connor v. United States,* 942 F.2d 771 (10th Cir.1991); *In re Abernathy,* 150 B.R. 688 (Bankr.N.D.Ill. 1993); *In re Brooks,* 175 B.R. 409 (Bankr. S.D.Ala.1994); *contra In re Brickell Inv.,* 922 F.2d 696 (11th Cir.1991)).

The parties agree that ACME has met most of the conditions imposed for an award under § 7430, such as that ACME has (a) substantially prevailed with respect to both the amount in controversy and the significant issues presented in the underlying adversary action, I.R.C. § 7430(c)(4)(A)(i), (b) exhausted administrative remedies (pertinent only to recovery of litigation costs), I.R.C. § 7430(b)(1), and (c) met net worth requirements under I.R.C. § 7430(c)(4)(A)(ii). However, because the parties disagree as to whether the I.R.S.' position in the underlying adversary action, as well as in relevant administrative proceedings, was "substantially justified," I.R.C. § 7430(c)(4)(B), the parties disagree as to whether ACME can prevail in its motion under § 7430.[1] The I.R.S. also maintains that most, if not all, of the administrative costs sought by ACME are not recoverable under § 7430 in any event.

## I. *Whether the I.R.S.' position was "substantially justified"?*

With respect to a position taken by the I.R.S., "[s]ubstantially justified means

'justified to a degree that could satisfy a reasonable person' and having a 'reasonable basis both in law and fact.'" *Nalle v. Commissioner,* 55 F.3d 189, 191 (5th Cir.1995) (citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988), which construed identical language in 28 U.S.C. § 2412, the Equal Access to Justice Act); Treas. Reg. § 301.7430–5(c)(1) (1994). Whether a position taken by the I.R.S. has a reasonable basis in law "depends on whether ... [the] position[ ] ... [was] reasonable in light of ... the applicable legal precedents." *Schlicher v. Commissioner,* TCM 1997–163, 73 TCM 2501, 1997 WL 148238 (1997) (citing *Sher v. Commissioner,* 89 T.C. 79, 84, 1987 WL 42457 (1987), *aff'd,* 861 F.2d 131 (5th Cir.1988)). Additionally, § 7430, as amended in 1988, requires the Court to bifurcate its "substantial justification" analysis in the event that the I.R.S. takes a position at the administrative level that is different than that which it presses during the litigation phase. *Huffman v. Commissioner,* 978 F.2d 1139, 1143–47 (9th Cir.1992); *Donlon I Development Corp. v. U.S.,* 830 F.Supp. 1315, 1317 (C.D.Cal.1993). If one of the two positions taken by the I.R.S. is not substantially justified, the taxpayer can potentially recover for costs incurred while said position is taken. *Id.; see also* Treas. Reg. § 301.7430–5(c)(2).

In the various proceedings in question involving the I.R.S. and ACME, the I.R.S. essentially maintained that ACME's operations necessitated that it either comply with Form 1099 reporting and backup withholding tax requirements or, in the alternative, partnership tax reporting requirements. This Court finds that said position, *although taken in error,* nevertheless had a reasonable basis in law in light of (a) the conclusion in *Manchester Music Co., Inc. v. U.S.,* 733 F.Supp. 473, 481–82, 484 (D.N.H.1990), that taxpayers similar to ACME are joint venturers, (b) the decision by the court in *Williamson Music Co., Inc. v. U.S.,* 90–2 U.S.T.C.

---

1. Technically, ACME "shall not be treated as the prevailing party in [any] proceeding to which ... [§ 7430] applies if the ... [I.R.S.] establishes that ... [its] position ... was substantially justified." I.R.C. § 7430(c)(4)(B)(i).

85148, 85149, 1990 WL 107528 (D.Minn.1990), to follow the decision in *Manchester Music,* (c) the I.R.S.' logical extension of these decisions, as set forth in its Revenue Ruling 92–49, 1992–1 C.B. 433, to the effect that such taxpayers will be subjected to partnership return filing requirements if not Form 1099 reporting and backup withholding tax requirements, and (d) the I.R.S.' policy argument, as set forth in *Williamson Music,* 90–2 U.S.T.C. at 85149, that imposition of Form 1099 reporting and backup withholding tax requirements on taxpayers similar to ACME is reasonable given that the alternative—ie., imposition of partnership return filing requirements—will be more burdensome to such taxpayers and subject them to higher compliance penalties. Moreover, this Court is certain that the I.R.S. took the above position throughout this adversary proceeding because (a) the I.R.S.' position in a court proceeding is taken, at the earliest, as of the time when it files its answer, *Huffman,* 978 F.2d at 1148, (b) its amended proof of claim in this bankruptcy case includes alternative amounts computed under both filing methods (ie., Form 1099 and backup withholding, as well as partnership return filing requirements), thereby establishing the I.R.S.' position that ACME was subject to at least one of the filing methods, (c) said proof of claim, filed with this Court on February 15, 1994, preceded the I.R.S.' answer to ACME's adversary complaint, which was filed with this Court on September 15, 1994, thereby establishing the aforementioned position as that of the I.R.S. at the outset of litigation, and (d) ACME concedes that the I.R.S. took this particular position at subsequent points during the litigation phase beginning with the filing of its pre-trial statement on June 22, 1995. This Court also finds that the I.R.S. necessarily took the above position during any administrative proceeding as well because (a) the I.R.S.' position in an administrative proceeding *in this case* is taken, at the earliest, "as of the . . . date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals," I.R.C. § 7430(c)(7)(B)(i),[2] (b) the I.R.S. Office of Appeals submitted a notice of its decision to ACME on June 9, 1992,[3] (c) the Appeals Office, in its memorandum attached as an exhibit to deposition testimony of I.R.S. examiner Kathleen Bashline and submitted by ACME with its motion for summary judgment on the underlying adversary action, set forth its position that, consistent with the decisions in *Manchester Music* and *Williamson Music,* partnership return filing requirements may be imposed on ACME rather than Form 1099 reporting and backup withholding tax requirements, and (d) said Appeals Office memorandum, for obvious reasons, must have been prepared prior, rather than subsequent, to the decision of the Appeals Office on June 9, 1992.

This Court must also find that, regardless of the level of investigation conducted by the I.R.S. in support of its position, said position necessarily had a reasonable basis in fact given that (a) ACME is unquestionably a taxpayer similar in nature to those that were parties in *Manchester Music* and *Williamson Music,* and (b) such taxpayers' operations are inherently similar so as to justify the I.R.S.' conclusion that, if the taxpayers in *Manchester Music* and *Williamson Music* were labelled as joint venturers, then so too should have been ACME.

■ This Court, in deciding that the I.R.S. had a reasonable basis both in law and

---

**2.** The position taken by the I.R.S. in an administrative proceeding is that taken "as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." I.R.C. § 7430(c)(7)(B). Because, as ACME concedes, a notice of deficiency was either never issued or was issued subsequent to the I.R.S. Appeals Office's decision regarding ACME's protest, the date of ACME's receipt of said Appeals Office's decision occurred first.

**3.** Although ACME does not acknowledge the existence of this notice in either its motion or its supporting brief, the Court notes that, until either said notice is received by a taxpayer or a deficiency notice is issued, the I.R.S. does not take *any* position in an administrative proceeding and administrative costs cannot be recovered in *any* event. *Huffman,* 978 F.2d at 1147 ("the position of the United States *starts* with the earlier of the two [events]").

fact for taking its position against ACME, does not conclude in a manner that is inconsistent with its rejection of said position in the underlying adversary cause of action. Indeed, "[t]hat a court rejects the Government's arguments in a different context (e.g. summary judgment, trial on the merits) does not mean that the Government's position was not substantially justified." *Williamson Music Co., Inc. v. U.S.,* 91–1 U.S.T.C. 50131, 1991 WL 53289 at 2 (D.Minn.1991).[4] Thus, in spite of this Court's conclusion that, as a matter of law, the I.R.S.' Revenue Rulings 57–7 and 92–49 are unreasonable, *ACME Music,* 196 B.R. at 931 note 16 and 935 note 21, this Court nevertheless must also find that the existing precedents of *Manchester Music* and *Williamson Music* gave the I.R.S. a reasonable basis in law for asserting its position against ACME. This Court notes, however, that its decision in the underlying adversary action might very well support, henceforth, a conclusion by subsequent courts that further assertions by the I.R.S. of its aforementioned position are not substantially justified. Although the *Manchester Music* and *Williamson Music* courts concluded that a taxpayer similar to ACME was a joint venturer, this Court has since revealed what it views as a critical error in said conclusion. *See ACME Music,* 196 B.R. at 935 note 22. Absent a finding that a taxpayer such as ACME is engaged in joint ventures, the balance of the I.R.S.' rationale appears to be devoid of reason as well as merit. Also noteworthy is the fact that the I.R.S. failed to prosecute to a conclusion its appeal of this Court's decision in the underlying adversary action. This fact tends to indicate, at least to some degree, both that the I.R.S. (a) has ratified this Court's posi-

tion, and (b) questions the merit in its own position. Therefore, in the event that the I.R.S. continues to unsuccessfully advance its position in subsequent courts, those courts might very well find themselves constrained to impose an obligation upon the I.R.S. to reimburse a taxpayer for costs incurred pursuant to § 7430.

## II. *Whether the administrative costs sought by ACME are not recoverable under § 7430 in any event.*

 Although ACME may not recover any costs pursuant to § 7430 given that the I.R.S.' position in all proceedings was substantially justified, the Court also wishes to point out that § 7430 substantially limits the amount of administrative costs that ACME could have recovered in any event. First, "reasonable administrative costs," which may be recovered "shall only include costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." I.R.C. § 7430(c)(2); *see also* Treas. Reg. § 301.7430–3(c). The earlier of these dates in this particular matter is some time shortly after June 9, 1992, which is the date of the notice of the I.R.S. Appeals Office's decision. Thus, ACME could not have recovered for any costs incurred prior to June 9, 1992. Second, litigation costs may not be recovered as reasonable administrative costs "because they are not incurred in connection with an administrative proceeding." Treas. Reg. § 301.7430–4(c)(3). "Litigation costs include ... [c]osts incurred after the ... commencement of any ... court proceeding." Treas.

4. Subsequent to its decision against the I.R.S. on the merits, the *Williamson Music* court was also faced with, and ultimately denied, a motion by the taxpayer for an award of litigation costs and attorney's fees pursuant to § 7430. *Williamson Music Co.,* 91–1 U.S.T.C. 50131, 1991 WL 53289 at 3. Of substantial significance to the court in *Williamson Music* was the fact that, when the taxpayer commenced the action therein, *Manchester Music* had not yet been decided; thus, "the Government was required to develop a litigating position largely in the absence of authori-

tative guidance." *Id.* Of course, such was not the case in this matter involving ACME since *Manchester Music* and *Williamson Music* were both decided prior to the I.R.S.' assessments against ACME. Nevertheless, as mentioned above, the particular guidance which the courts in *Manchester Music* and *Williamson Music* provided regarding the joint venture classification of taxpayers similar to ACME supplied the I.R.S. with a reasonable basis for proceeding against ACME.

Reg. § 301.7430–4(c)(3)(ii), (c)(4) Example 2. Thus, any costs incurred by ACME subsequent to July 27, 1994, the date upon which the underlying adversary action was commenced, could not be recovered as administrative costs; as set forth above, they also may not be recovered as litigation costs because the I.R.S.' position was substantially justified throughout the litigation phase of this matter. The combination of these two limitations would restrict any potential recovery by ACME for administrative costs to those incurred between June 9, 1992 and July 27, 1994.

 Additionally, ACME could only recover as "reasonable administrative costs" those costs that were incurred in connection with an "administrative proceeding" as that term is defined for purposes of § 7430. However, "[f]or purposes of § 7430, ... an administrative proceeding does not include ... [p]roceedings in connection with collection actions." Treas. Reg. § 301.7430–3(a)(4). Collection actions are defined generally as

> any action taken by the Internal Revenue Service to collect a tax (or any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax) or any action taken by a taxpayer in response to the Internal Revenue Service's act or failure to act in connection with the collection of a tax (including any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax). For example, a collection action for purposes of section 7430 ... includes any action taken by the Internal Revenue Service under Chapter 64 of Subtitle F [of the Internal Revenue Code] to collect a tax.

Treas. Reg. § 301.7430–3(b). Actions of levy and distraint by the I.R.S. under I.R.C.

§ 6331 constitute collection actions as previously defined because § 6331 comprises part of Chapter 64 of Subtitle F of the Internal Revenue Code. Therefore, costs incurred by a taxpayer in connection with levy actions by the I.R.S. are not recoverable under § 7430. Because certain of the costs sought to be recovered by ACME for the period between June 9, 1992, and July 27, 1994, pertain to levy actions performed by the I.R.S., those particular costs could not be recovered under § 7430.

 Finally, several affidavits of Dixon Rich, co-counsel for ACME, as well as ACME's brief in support of its motion under § 7430, indicate that costs were incurred between June 9, 1992, and July 27, 1994, in connection with a protest filed in response to *proposed* personal tax assessments against non-debtor principals of ACME pursuant to I.R.C. § 6672 (ie., the trust fund recovery penalty). Exhibit 3 to Mr. Rich's affidavit dated April 14, 1997, indicates that this protest was instituted on May 13, 1993.[5] However, with respect to this particular protest, ACME (a) could not recover any costs that it incurred prior to its receipt of the notice of a decision by the I.R.S.' Office of Appeals regarding said protest,[6] I.R.C. § 7430(c)(2); Treas. Reg. § 301.7430–3(c), (d) Examples 5 and 7, and (b) could only recover costs incurred on or after said date as reasonable administrative costs provided that they were also incurred prior to July 27, 1994. Treas. Reg. § 301.7430–4(c)(3)(ii). Having failed to demonstrate the existence of a notice of decision from the Appeals Office regarding this protest, and given the subsequent commencement of this bankruptcy case and the above-captioned adversary proceeding, the Court must presume that either a decision was not rendered by the Appeals Office or, if one was rendered, ACME did not further contest said decision at the administrative level; in either

---

**5.** Exhibit 4 to Mr. Rich's April 14, 1997, affidavit indicates that a similar protest was instituted on August 29, 1994. However, because this protest was instituted subsequent to the commencement of the above-captioned adversary proceeding on July 27, 1994, ACME may not recover as reasonable administrative costs any costs associated with said protest. Treas. Reg. § 301.7430–4(c)(3)(ii).

**6.** The date upon which ACME would have received notice of a decision by the I.R.S.' Office of Appeals necessarily applies with respect to this protest since a deficiency notice is not applicable to trust fund recovery penalties under I.R.C. § 6672.

event, ACME may not recover any costs which pertain to said protest.

Ultimately, the Court finds that it must agree with the I.R.S.' conclusion that ACME incurred, at most, minimal reasonable administrative costs that were subject to potential recovery under § 7430. The I.R.S., in its response brief, indicates that as little as 5.15 hours of administrative work appears to have been performed on ACME's behalf that could have formed the basis for cost recovery under § 7430.

### *CONCLUSION*

ACME may not recover any of the costs and fees which it incurred during any part of this matter with the I.R.S. under § 7430 because the I.R.S.' position was substantially justified at all times given that said position had a reasonable basis both in law and fact. Furthermore, even had the position of the I.R.S. not been substantially justified during this matter, ACME would have been able to recover only a minimal amount of those administrative costs that it incurred throughout this matter. Therefore, ACME's motion for an award of administrative and litigation costs incurred in this matter under § 7430 is **DENIED WITH PREJUDICE.** An appropriate order will be entered.