T.C. Memo. 2002-220


UNITED STATES TAX COURT


BERNARDO PAZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10942-00.            Filed September 3, 2002.


<u>Gerald V. Walsh</u>, for petitioner.

<u>Robert B. West</u>, <u>W. Robert Abramitis</u>, and <u>William Blagg</u>, for
respondent.


MEMORANDUM OPINION


COLVIN, <u>Judge</u>:  This matter is before the Court on

petitioner's motion for litigation costs under section 7430 and

Rule 231.[1]  After concessions, the sole issue for decision is

---

[1]  Petitioner seeks an award of attorney's fees of $6,980,
accounting fees of $2,250, and court costs of $60.

whether respondent's position in the underlying proceeding was substantially justified.  We hold that it was.  Thus, we hold that petitioner is not entitled to an award for litigation costs.

Unless otherwise specified, section references are to the Internal Revenue Code as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Florida when he filed his petition.

A.    Petitioner's Lottery Winnings and The Divorce Proceedings

In April 1992, petitioner won $7 million in the Florida lottery, payable to him in 20 annual installments of $350,000.

Petitioner's wife filed for divorce before petitioner received the fourth lottery payment (due on May 15, 1995).  At the request of petitioner's wife, the Circuit Court of the Eleventh Judicial District of Dade County, Florida, Family Division, ordered that the May 15, 1995, payment be placed in escrow pending an agreement between petitioner and his wife or a court order regarding disposition of the payment.

On November 2, 1995, petitioner and his wife agreed to a marital settlement and equitable division of property.  Under that agreement, $3,000 of the funds in the escrow account was paid to petitioner's wife's attorney for expert fees, and the balance was divided equally between petitioner and his wife. Petitioner and his wife agreed that petitioner would receive

53.97 percent of the future lottery payments and his wife would receive 46.03 percent. Petitioner and his wife were divorced in December 1995. Petitioner reported $175,000 (i.e., one-half) of the $350,000 lottery payment in his 1995 return.

B.   The Notice of Deficiency

On August 2, 2000, respondent sent a notice of deficiency to petitioner in which respondent determined that petitioner was taxable on the entire $350,000 lottery payment in 1995. Respondent also determined that petitioner failed to include all of his interest income in 1995 and that petitioner was liable for the addition to tax for failure to timely file his 1995 return.

C.   Settlement of the Case

The parties settled the case before trial. Respondent conceded the lottery payment issue, and petitioner conceded the interest income and late filing issues.

### Discussion

A.   Motion for Litigation Costs:  Background

To be entitled to an award for litigation costs, the taxpayer must:

1.   Exhaust administrative remedies. Sec. 7430(b)(1). Respondent concedes that petitioner meets this requirement.

2.   Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(i)(I). Respondent concedes that petitioner meets this requirement.

3. Be an individual whose net worth did not exceed $2 million when the petition was filed. Sec. 7430(c)(4)(A)(ii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent concedes that petitioner meets this requirement.

4. Not unreasonably protract the proceedings. Sec. 7430(b)(3). Respondent concedes that petitioner meets this requirement.

5. Establish that the amounts of costs and attorney's fees claimed are reasonable. Sec. 7430(a), (c)(1). Respondent concedes that the amounts petitioner claimed are reasonable.

In addition, the taxpayer is not entitled to an award for reasonable litigation costs if the Commissioner shows that the position of the United States in the proceeding was substantially justified. Sec. 7430(c)(4)(B)(i).

B. Whether Respondent's Position Was Substantially Justified

The parties dispute whether respondent's position in the underlying proceeding was substantially justified.

The Commissioner's position is substantially justified if that position could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988). To be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. Id.; Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984); Powers v. Commissioner, 100 T.C. 457, 470, 473 (1993), affd. on this issue,

revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995).  For a position to be substantially justified, there must be substantial evidence to support it.  Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 473.

The Commissioner's concession in the underlying proceeding does not establish that a taxpayer is entitled to an award for reasonable litigation costs.  Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992).  However, it is a factor to be considered. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 471.

1.    Whether Respondent Had a Reasonable Basis in Law

Petitioner contends that respondent did not have a reasonable basis in law for respondent's position that petitioner is liable for tax on the entire $350,000 lottery payment in 1995. We disagree.

The Commissioner has a reasonable basis in law if the Commissioner's position is based on relevant legal precedents. Pierce v. Underwood, supra; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997); Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990).  Respondent contends that Smith v. IRS, 75 AFTR 2d 95-2253, 94-2 USTC par. 50,503 (S.D.N.Y. 1994), provides a reasonable basis in law for respondent's position.  The facts of Smith are similar to those in the instant

case.  In Smith, the taxpayer won the New York State lottery in 1985, payable to him in 21 annual installments of $30,989.  The taxpayer and his spouse were divorced in 1988.  Incident to the divorce, the State court ordered the taxpayer and his spouse to divide the lottery winnings equally.  The taxpayer filed a claim for refund of the taxes that he had paid on his wife's share of the lottery income.  The District Court in Smith held that a taxpayer who wins a lottery and then assigns part of the winnings to his or her spouse under a divorce decree is liable for tax on the entire amount.

Petitioner makes no attempt to distinguish Smith.  Instead, petitioner contends that Smith does not provide a reasonable basis in law for respondent's position because the District Court in Smith incorrectly applied section 1041.[2]  We disagree.

---

[2]  Sec. 1041 provides in part:

SEC. 1041. TRANSFERS OF PROPERTY BETWEEN SPOUSES OR
          INCIDENT TO DIVORCE.

     (a) General Rule.--No gain or loss shall be
recognized on a transfer of property from an individual
to (or in trust for the benefit of)--

          (1) a spouse, or

          (2) a former spouse, but only if the transfer
     is incident to the divorce.

     (b) Transfer Treated as Gift; Transferee Has
Transferor's Basis.--In the case of any transfer of
property described in subsection (a)--
                                        (continued...)

This is not the appropriate forum to relitigate <u>Smith</u>. The issue before us is whether respondent had a reasonable basis in law, not whether <u>Smith</u> was correctly decided. See <u>Or. Natural Res. Council v. Madigan</u>, 980 F.2d 1330, 1332 (9th Cir. 1992). <u>Smith</u> provides a basis in law for respondent's position,[3] especially because there is no contrary authority. Thus, we conclude that respondent had a reasonable basis in law for contending that petitioner was liable for tax on the entire $350,000 lottery payment in 1995.

    2.   <u>Whether Respondent Had a Reasonable Basis in Fact</u>

We next consider whether respondent had a reasonable basis in fact for respondent's position that petitioner was liable for tax on the entire $350,000 lottery payment in 1995. When respondent issued the notice of deficiency, respondent knew that petitioner had the sole right to receive the $350,000 payment in 1995 until, as part of the divorce settlement, he agreed to give his wife approximately one-half of that payment in 1995. Those

---

[2](...continued)
        (1) for purposes of this subtitle, the property shall be treated as acquired by the transferee by gift, and

        (2) the basis of the transferee in the property shall be the adjusted basis of the transferor.

[3]  In <u>In re ACME Music Co.</u>, 208 Bankr. 838, 843 (Bankr. W.D. Pa. 1997), the District Court held that the position of the IRS had a reasonable basis in law because the position was supported by two Federal District Court cases.

facts, coupled with the holding in <u>Smith</u>, provide a basis in fact and law for respondent's position.

C.    <u>Conclusion</u>

We conclude that respondent's position in the underlying proceeding had a reasonable basis in both law and fact.  Thus, respondent's position was substantially justified, and petitioner is not entitled to an award of litigation costs under section 7430.  Petitioner's motion for litigation costs will be denied.

Accordingly,

<u>An appropriate order</u>

<u>and decision will be entered</u>.