# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PACIFIC FISHERIES INC.,
                *Petitioner-Appellant,*

          v.

UNITED STATES OF AMERICA,
                *Respondent-Appellee.*

No. 04-35897

D.C. No.
CV-04-01147-MJP

KONSTANTIN VLADIMIROVICH
VOLOSHENKO,
                *Petitioner-Appellant,*

          v.

UNITED STATES OF AMERICA,
                *Respondent-Appellee.*

No. 04-35899

D.C. No.
CV-04-01149-MJP

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted
December 5, 2006—Seattle, Washington

Filed April 17, 2007

Before: Betty B. Fletcher and M. Margaret McKeown,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge McKeown

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

4361

## COUNSEL

Robert J. Chicoine and Cori Flanders-Palmer, Chicoine & Hallett, P.S., Seattle, Washington, for appellants Pacific Fisheries and Konstantin Vladimirovich Voloshenko.

Gretchen Wolfinger, Eileen J. O'Connor, and Jonathan Cohen, Department of Justice, Washington, DC, and John McKay, United States Attorney, Seattle, Washington, for appellee United States.

## OPINION

McKEOWN, Circuit Judge:

The Internal Revenue Code allows taxpayers to recover costs and attorneys' fees if they prevail in either civil or administrative proceedings, so long as the position of the United States was not substantially justified. 26 U.S.C. § 7430. Appellants Pacific Fisheries and Konstantin Vladimirovich Voloshenko (collectively the "taxpayers") seek attorneys' fees associated with pursuing two federal court petitions to quash third-party summonses. The taxpayers and the United States agree that the summonses were not enforce-

able. They disagree about whether the government should pay the taxpayers' legal fees as a consequence. The government's issuance of the summonses essentially forced the taxpayers into court, but once there, the government's only action during the litigation was to promptly withdraw the summonses. The question is whether the government's prelitigation conduct should be factored into a determination of whether its position in the judicial proceeding "was substantially justified" as defined in the statute. 26 U.S.C. § 7430(c)(4)(B)(i). Looking to the language and structure of the statute, we conclude that the litigation fees of these particular taxpayers do not fall within the coverage of the statute governing fees in a "court proceeding." *See* 26 U.S.C. § 7430(a)(2).

## BACKGROUND

On April 23, 2004, the Internal Revenue Service ("IRS") served two administrative third-party summonses on Bank of America. The first summons requested information for the years 1995 to 2000 on an account held by Pacific Fisheries. The second summons requested the same information for two accounts held by Konstantin Voloshenko, an employee of Pacific Fisheries.

Both summonses were issued pursuant to a request by the Russian government under a tax treaty between the United States and the Russian Federation. *See* Convention Between the United States of America and the Russian Federation for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital, art. 25, U.S.-Russ., June 17, 1992, S. Treaty Doc. No. 102-39 (1993), 1992 WL 608527, *available at* http://www.irs.gov/pub/irs-trty/russia.pdf. The Russian government requested these records as part of its tax investigation of Voloshenko.

The IRS claims that it attempted to serve summons notices on the taxpayers, but the parties dispute whether either Pacific Fisheries or Voloshenko was properly served. In any event,

the taxpayers only received actual notice of the summonses on May 10, 2004, a mere three days before the statutory deadline to file petitions to quash their enforcement.

Immediately after discovering that the summonses had been issued, the taxpayers called IRS Revenue Agent Douglas Sanderson to dispute the enforceability of the summonses on statute of limitations grounds. Sanderson replied that he believed the summonses were enforceable. Three days later, on May 13, 2004, the taxpayers filed two separate petitions to quash the summonses in the United States District Court for the Western District of Washington. The principal reason they advanced for quashing the summonses was that the time period covered by the summonses (1995-2000) was beyond the statute of limitations on any tax liability incurred by the taxpayers. *See* 26 U.S.C. § 6501(a) (providing for a three-year statute of limitations in most civil enforcement cases under the Internal Revenue Code); 26 U.S.C. § 6531 (providing for a three-year statute of limitations in most criminal cases under the Internal Revenue Code).

On June 23, 2004, the taxpayers sent a letter to the IRS reiterating their position that the summonses were unenforceable. The letter also requested specific documents relating to the underlying investigation.

On June 25, 2004, the IRS sent a notice to Bank of America, with a copy to taxpayers' counsel, that it was withdrawing the summonses. Four days later, IRS counsel wrote to taxpayers' counsel informing him that the summonses had been withdrawn. The IRS requested the taxpayers to voluntarily dismiss the petition under Federal Rule of Civil Procedure 41 "[b]ecause the controversy at issue in both matters is now moot and the United States has not made an appearance in either matter."

The taxpayers refused to file voluntary dismissals but offered to stipulate to dismissal so long as the IRS provided

certain information and assurances. The government then moved to dismiss the petitions to quash, arguing that the petitions were moot since the IRS had withdrawn the summonses. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that the jurisdiction of the federal courts is limited to those actions that provide a live case or controversy); *Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) (holding that a petition to quash is moot when a summons has been withdrawn). Shortly thereafter, Pacific Fisheries served a set of interrogatories and a request for production of documents on the government. The taxpayers filed a joint response to the motions to dismiss. They did not oppose the motions to dismiss per se; rather, they requested dismissal of the petitions subject to certain conditions. Specifically, they wanted assurances that the IRS would not reissue the summons, requested administrative costs and attorneys' fees, and requested that the court order the government to respond to the discovery requests.[1]

In substantially identical orders, the district court granted the government's motions to dismiss in both cases, holding that taxpayers' petitions to quash became moot when the IRS withdrew the summonses. The district court declined to impose conditions on the dismissal or to award attorneys' fees. In declining to award attorneys' fees, the court held that the taxpayers had not convinced the court that they were prevailing parties for the purposes of the fee-shifting statute, 26 U.S.C. § 7430, and that the taxpayers had not established that the United States' position was not substantially justified.

## ANALYSIS

The taxpayers decry what they view as abusive tactics by the IRS and contend that the district court erred in declining

---

[1]Although the taxpayers requested administrative costs in the district court, they have not pursued that argument on appeal.

to award them attorneys' fees under 26 U.S.C. § 7430.[2]
Although we are not unsympathetic to the taxpayers' claimed
plight, we affirm the district court's order.

## I.	STATUTORY FRAMEWORK

The fee-shifting statute provides that:

> (a)	In general.—In any administrative or court pro-
> ceeding which is brought by or against the United
> States in connection with the determination, collec-
> tion, or refund of any tax, interest, or penalty under
> this title, the prevailing party may be awarded a
> judgment or a settlement for—

> (1)	reasonable administrative costs incurred in con-
> nection with such administrative proceeding within
> the Internal Revenue Service, and

> (2)	reasonable litigation costs incurred in connec-
> tion with such court proceeding.

26 U.S.C. § 7430. Section 7430 defines several of the above
terms, including the following:

> (4)	Prevailing party.—

> > (A)	In general.—The term "prevailing
> > party" means any party in any proceeding
> > to which subsection (a) applies (other than
> > the United States or any creditor of the tax-
> > payer involved)—

> > > (i)	which—

---

[2]We review the denial of attorneys' fees under 26 U.S.C. § 7430 for an
abuse of discretion. *United States v. Ayres*, 166 F.3d 991, 997 (9th Cir.
1999).

> (I)   has substantially prevailed with respect to the amount in controversy, or
>
> (II)   has substantially prevailed with respect to the most significant issue or set of issues presented . . .
>
> (B)   Exception if United States establishes that its position was substantially justified. —
>
> > (i)   General rule.—A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified . . . .
>
> (7)   Position of United States.—The term "position of the United States" means—
>
> > (A)   the position taken by the United States in a judicial proceeding to which subsection (a) applies, and
> >
> > (B)   the position taken in an administrative proceeding to which subsection (a) applies . . . .

*Id.* § 7430(c)(4); § 7430(c)(7).

**[1]** To prevail on a claim for attorneys' fees, a taxpayer must demonstrate that he has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented. *Id.* § 7430(c)(4). A taxpayer is then entitled to attorneys' fees unless the United States can demonstrate that its position was substantially justified. *Id.*

## II. The Taxpayers Substantially Prevailed With Respect to the Most Significant Issue Presented

**[2]** As a preliminary matter, we note that the government does not dispute that the taxpayers prevailed with respect to the most significant issue in the proceedings below. The taxpayers filed two petitions to quash IRS summonses in district court. Although the government's motions to dismiss were granted, the taxpayers prevailed on the most significant issue because they received the relief they sought all along — the IRS withdrew the summonses. *Cf. Donlon I Dev. Corp. v. United States*, 830 F. Supp. 1315, 1317 n.1 (C.D. Cal. 1993) (noting that when the IRS withdrew a summons before moving to dismiss a petition to quash, the government conceded that the petitioner prevailed with respect to the most significant issue).

## III. The United States' Position Was Substantially Justified

**[3]** The taxpayers' central contention on appeal is that the district court erred when it placed the burden of demonstrating that the United States' position was not substantially justified on them. They further contend that had the district court not committed this error, the taxpayers would be entitled to attorneys' fees under the fee-shifting statute. We agree that the district court erred in placing the burden to prove lack of substantial justification on the taxpayers, but we hold that as a matter of law, the government met its burden to prove its position was substantially justified.

### A. Burden of Proof

**[4]** The fee-shifting statute provides that a party may not be treated as the prevailing party if "the *United States* establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(b)(4)(B)(i) (emphasis added). The language of the statute places the burden

squarely on the United States, not on the taxpayer, to demonstrate that the government's position was substantially justified. *Id.*; *see also Kenney v. United States*, 458 F.3d 1025, 1032 (9th Cir. 2006) (allocating the burden to prove that the government's position was substantially justified to the government). The statute was amended in 1996, in part to specifically shift the burden of proving substantial justification from the taxpayer to the IRS. *Compare* 26 U.S.C. § 7430(c)(4)(A) (1996) ("The term 'prevailing party' means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—(i) which establishes that the position of the United States in the proceeding was not substantially justified . . . .") *with* 26 U.S.C. § 7430(c)(4)(B)(i) (2006) (stating that a party may not be treated as the prevailing party if "the United States establishes that the position of the United States in the proceeding was substantially justified."); *see also* H.R. Rep. 104-506, at 22, 36 (1996) (explaining that the bill's drafters believed it appropriate for the IRS to demonstrate that it was substantially justified in maintaining its position when the taxpayer prevails). Thus, the district court inverted the statutory burden when it held that the taxpayers "ha[d] not convinced the Court that the [government's] position . . . was not substantially justified."

## B. POSITION OF THE UNITED STATES

[5] We next consider whether the United States demonstrated that its position was substantially justified. The position of the United States is substantially justified if it is "justified to a degree that satisfies a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). That is, it must have a reasonable basis in both law and fact. *Id.* at 565. The taxpayers argue that the United States acted unreasonably when it failed to withdraw the summons before the taxpayers filed the petitions in federal court. Although we acknowledge that there is a serious question whether this prelitigation conduct was arguably unreasonable, the applicable statutory sub-

section pertains to "a judicial proceeding," not to the government's prelitigation conduct. 26 U.S.C. § 7430(c)(7)(A) ("position of the United States" means the position taken "in a judicial proceeding").

### 1.  STATUTORY HISTORY

The plain language of the statute distinguishes administrative from judicial proceedings and does not provide a bridge for conduct or events that span those proceedings. The statutory evolution of the fees provision underscores this conclusion.

From 1986 to 1988, § 7430 defined the "position of the United States" as "the position taken by the United States in the civil proceeding, and . . . any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based." *See* Pub. L. 99-514 § 1551(a), 100 Stat. 2085 (1986) (enacting this definition). If the current version of § 7430 included this language, we would have no problem adopting the taxpayers' position. Unfortunately for the taxpayers, the statute has been amended and later amendments did not merge civil proceedings and "administrative actions," nor did later amendments permit benchmarking of the IRS's conduct against "administrative action or inaction [ ] upon which such [civil] proceeding is based." *Id.*

In 1988, the statute was amended, and the amended version of § 7430 separated administrative and litigation costs. It read:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for —

(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and

(2) reasonable litigation costs incurred in connection with such court proceeding.

Pub. L. No. 100-647 § 6239(a), 102 Stat. 3342 (1988). The statute defined a prevailing party as:

> any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved) — (i) which establishes that the position of the United States in the proceeding was not substantially justified, and (ii) which — (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented . . . ."

*Id.* The statute also distinguished between judicial and administrative proceedings. The term "position of the United States" meant "(A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and (B) the position taken in an administrative proceeding to which subsection (a) applies." *Id.*

We interpreted the 1988 version of the statute in *Huffman v. Commissioner of Internal Revenue*, 978 F.2d 1139 (9th Cir. 1992). We acknowledged that "divergent judicial opinions exist to whether the phrase 'position of the United States' refer[s] to the government's position both in prelitigation administrative proceedings and after commencement of litigation." *Id.* at 1144. We held that because the provision defining "position of the United States" refers to an "administrative proceeding" as distinct from a "judicial proceeding," "it follows that the prevailing party in both administrative proceedings and judicial proceedings who seeks administrative and

litigation costs must separately establish that the United States' position in each of the proceedings was not substantially justified." *Id.* at 1146. We continued, "[t]hus the position taken in the administrative proceeding does not automatically apply to the judicial proceeding. . . . According to the plain language of § 7430 and under normal rules of statutory construction, a bifurcated analysis of 'substantially justified' should be made in each proceeding." *Id.*

*Huffman* drew additional support from the statute's definition of "position of the United States." Under the 1988 version of the statute, "position of the United States" meant "the position taken by the United States in a judicial proceeding to which subsection (a) applies, and the position taken in an administrative proceeding to which subsection (a) applies." Pub. L. No. 100-647 at § 6239(a). *Huffman* held that this meant the United States could have different positions in administrative and judicial proceedings. *See Huffman*, 978 F.2d at 1146; Pub. L. No. 100-647 § 6239(a), 102 Stat. 3342 (1988) (enacting the provision containing this definition).

The 1996 amendments were significant in shifting the burden of proving substantial justification from the taxpayer to the government. *See* Pub. L. No. 104-168 § 701, 110 Stat. 1452 (1996).[3] The current statute now states that "a party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified." *See id.*; *see also* 26 U.S.C. § 7430(c)(4)(B)(i) (2006). However, the 1996 amendments did not change the dividing line between administrative and judicial proceedings: the statute retains the language defining the position of the United States as "(A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and (B) the position taken in an administrative proceeding to

---

[3]Although the statute has been amended at other times in other respects, none of those changes is relevant to our discussion here.

which subsection (a) applies . . . ." *See* 26 U.S.C. § 7430(c)(7).

Because the statutory language continues to treat administrative proceedings separately from judicial proceedings, *Huffman*'s bifurcated inquiry applies with equal force to the present statute. *Cf. Kenney v. United States*, 458 F.3d 1025, 1032-33 (9th Cir. 2006) (applying Huffman's bifurcated inquiry in a case under the new version of the statute). We disagree with the taxpayers' argument that the 1996 amendments somehow render *Huffman*'s reasoning inapplicable.

Finally, we note that in another administrative law context, the Equal Access to Justice Act ("EAJA") provides for attorneys' fees awards when a government agency takes a position either *before* or *during* litigation that is not substantially justified. 28 U.S.C. § 2412. *See, e.g.*, *Thangaraja v. Gonzales*, 428 F.3d 870, 873-74 (9th Cir. 2005) (examining the Immigration and Naturalization's position in agency proceedings as well as the immigration judge's and Board of Immigration Appeals' decisions in determining that attorneys' fees were warranted under the EAJA); *Lewis v. Barnhart*, 281 F.3d 1081, 1083-84 (9th Cir. 2002) (considering the finding of an administrative law judge before civil litigation commenced in determining whether the United States was substantially justified).

The EAJA, first enacted in 1948, provides that "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(b). To recover, a party must demonstrate that the position of the United States is not substantially justified. *Id.* § 2412(d)(1)(A); § 2412(d)(1)(B).

**[6]** In 1985, Congress added language to the EAJA clarifying that "position of the United States" means "in addition to

the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." Pub. L. No. 99-80 § 2, 99 Stat. 183 (1985); *see also id.* § 2412 (d)(2)(D). The EAJA also specifically excludes from its coverage any action that might be brought under 26 U.S.C. § 7430. 28 U.S.C. § 2412(e). Thus it is evident from the statutory language that Congress intended the fee-shifting inquiry under the tax statute to be different from the fee-shifting inquiry under the EAJA. The tax statute includes no gap filler for including prelitigation agency action as part of the government's position in litigation.

## 2. APPLICATION TO DISTRICT COURT "JUDICIAL PROCEEDING"

**[7]** With these principles in mind, we hold that the government's position in the "judicial proceeding" was substantially justified. *Huffman* instructs us to look at a party's conduct at "each stage of the case" in determining whether an award of attorneys' fees is appropriate. 978 F.2d at 1148. Here, the taxpayers filed the petitions to quash in district court and then, one month later, the taxpayers sent a letter to the IRS asking for more information and informing the IRS that they believed the summonses were invalid. Two days later, the IRS withdrew the summonses and requested that the taxpayers voluntarily dismiss the petitions to quash. After the taxpayers refused to dismiss the case, they launched a mini-litigation surrounding their requested fees and conditions. The only position taken by the government was withdrawal of the summonses before its answer was due.[4] The government's with-

---

[4]The government asks us to adopt a categorical rule that in considering attorneys' fees under 26 U.S.C. § 7430, the government does not take a position until it files its answer. We decline to adopt that bright-line rule, even though we hold that the government's conduct in this case was reasonable. Such a rule would make no sense as it would potentially exclude conduct or positions taken in a judicial proceeding before the answer was filed. *See Huffman*, 978 F.2d at 1148 (stating that "[g]enerally, the posi-

drawal of the summonses, which both parties agree were unenforceable, was surely reasonable. The government also acted reasonably when it asked the taxpayers to voluntarily dismiss the petitions to quash, given that those petitions were moot after the summonses were withdrawn. Accordingly, the government established that its position in litigation was substantially justified and the taxpayers are not entitled to attorneys' fees.

[8] The taxpayers also argue that the district court should have permitted them discovery to shore up their claim that the IRS was unreasonable, to support their claim for conditions, and to provide a basis for the district court to impose sanctions. This endeavor is premised on the taxpayers' view that the IRS has engaged in improper conduct in this and at least two other Russian tax treaty cases. As the district court pointed out, it was unaware of any case under Rule 41(a)(2) "in which plaintiffs were able to condition their own voluntary dismissal upon payment or performance by defendants." The district court did not abuse its discretion in denying the taxpayers' requests, since the purpose of discovery is to aid a party in the preparation of its case, not to punish its opponents for past sins. *See* Fed. R. Civ. P. 26(b) advisory committee's note (1946 amendments). To the extent taxpayers seek sanctions, there is no basis for us to award sanctions in this appeal for prelitigation conduct nor did the district court err in declining to exercise its supervisory powers vis-a-vis the alleged conduct of the government. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (holding that where a party has not acted in bad faith during the litigation, inherent powers sanctions are not appropriate).

tion of the United States is established initially by the Government's answer to the petition" but stopping short of articulating a bright-line rule to that effect); *see also Wade v. United States*, 865 F. Supp. 216, 219-20 (D.N.J. 1994) (holding that a court may consider the government's pre-answer conduct, such as motions to dismiss, in deciding whether to award attorneys' fees under the statute).

Although the IRS's issuance of the administrative summonses forced the taxpayers into litigation, we see no fees remedy for them in the judicial proceeding. We conclude that their case falls into a gap in the statute, but it is not our role to bridge that gap.

**AFFIRMED.**