**UNITED STATES of America,
Petitioner–Appellee,**

v.

**Charles CATHCART, as current or former President, or other Principal of Derivium Capital, LLC (aka First Securities), Respondent–Appellant.**

**No. 06–4225–cv.**

United States Court of Appeals,
Second Circuit.

Aug. 27, 2008.

Edward O.C. Ord, Ord & Norman, San Francisco, CA, for Appellant.

Carolina A. Fornos, David S. Jones, Assistant United States Attorneys, for Michael Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellees.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, Circuit Judges, and DENISE COTE,\* District Judge.

## SUMMARY ORDER

Respondent–Appellant Charles Cathcart appeals from a judgment entered by the United States District Court for the Southern District of New York (McKenna, *J.*), on May 4, 2006, allowing the Petitioner–Appellee, the United States of America ("government"), to voluntarily dismiss without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, its petition to enforce Internal Revenue Service ("IRS") summonses. As part of the Rule 41(a)(2) dismissal, the district court awarded costs to Cathcart, but no attorney's fees. Cathcart raises three principal arguments on appeal: (1) the district court erred by not holding a hearing prior to granting the government's motion for a voluntary dismissal; (2) the district court should have dismissed with prejudice; (3) the district court's decision not to award attorney's fees was beset by legal error. We consider each in turn. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Because the district court and the parties assumed that Rule 41(a)(2) applies here, we do so as well. Rule 41(a)(2) provides, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) dismissals are at the district court's discretion and will be reviewed only for an abuse of that discretion. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990).

In this case, the government sent a letter to the court on February 22, 2006, not noticed upon Cathcart, seeking voluntary dismissal under Rule 41(a)(2). The district court granted the motion and dismissed the suit on the same day, without any prior notice to Cathcart. Thereafter, Cathcart, in a lengthy letter to the court, moved for reconsideration. The government responded and the defense was given an extension of time in which to reply. The district court agreed to reconsider its judgment, remarking that it was considering Cathcart's arguments *"de novo."*

 Rule 41(a)(2) does not explicitly require a formal motion by the plaintiff noticed to the defendant, or an opportunity for the defendant to be heard, but some courts have found this to be implied. *See, e.g., Diamond v. United States*, 267 F.2d 23, 25 (5th Cir.1959) ("Under Rule 41(a)(2) an order is essential. This contemplates the filing of a motion as was done here. Motions, except those which may be heard ex parte, shall be served on the adverse party. Where terms and conditions may be imposed a hearing should be had at which the views and claims of the defendant may be asserted." (internal citations omitted)); *Gioia v. Blue Cross Hosp. Serv., Inc. of Mo.*, 641 F.2d 540, 542 (8th Cir.1981) ("There is no question but that in order to have a valid court dismissal under Fed.R.Civ.P. 41(a)(2) a motion, so entitled, should have been filed. Notice should have been given [to the defendant] with an opportunity for a hearing."). We need not reach this issue, however, because Cathcart was given ample opportunity to present his arguments to the court prior to the court's reconsidered judgment, in which the court heard the issues *de novo*. Notwithstanding Cathcart's arguments on appeal, nothing in *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465–69, 120 S.Ct. 1579,

---

\* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

146 L.Ed.2d 530 (2000), is to the contrary because, *inter alia,* no rule of civil procedure explicitly requires formal notice or a hearing prior to a dismissal under Rule 41(a)(2).

Cathcart next argues that the district court erred in not dismissing the suit with prejudice. In *Zagano,* we delineated a number of factors that are relevant in determining whether a case should be dismissed with prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d at 14. In *D'Alto v. Dahon California, Incorporated,* 100 F.3d 281, 283 (2d Cir.1996), we reversed because the "the district court failed to consider the *Zagano* factors in assessing whether the case had proceeded so far along that the defendant would be prejudiced by granting the plaintiffs' application for withdrawal of the case without prejudice." *Id.* at 283. However, when the district court considers the *Zagano* factors, the decision not to dismiss with prejudice is reviewed for abuse of discretion. *See Zagano,* 900 F.2d at 14.

■ Here, the district court explicitly considered the *Zagano* factors, noting that (i) the government moved with sufficient diligence in asking for the dismissal after a series of jointly obtained adjournments; (ii) Cathcart had not shown vexatiousness on the government's part; (iii) the suit had progressed only to the "show cause" stage, there had been no hearing, and the defendant had undergone some, but limited, legal expenses (around $25,000, as estimated by counsel); (iv) duplicative expenses are limited to the $25,000 and much of the work product may be used in any future litigation; and, most important, (v) the

IRS's explanation for the dismissal was reasonable, because the intervening Chapter 7 conversion made Cathcart the wrong person from whom to seek the documents. The district court thus evaluated and weighed each of the *Zagano* factors and the ultimate conclusion not to dismiss with prejudice was certainly not an abuse of its discretion.

■ Cathcart argues, finally, that the district court should have awarded him attorneys fees. In the motion for reconsideration, Cathcart asked for attorney's fees and costs. The district court granted costs under Rules 41(a)(2) and 54(d)(1), and 28 U.S.C. § 2412(a)(1), but denied attorneys fees. "Fee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)." *Colombrito v. Kelly,* 764 F.2d 122, 133 (2d Cir.1985). When, as here, a monetary award is granted as part of a Rule 41(a)(2) dismissal, the award is part of the "terms" of the Rule 41(a)(2) dismissal. "Generally, we review a trial court's decision whether to award attorneys' fees to a prevailing party, and in what amount, under an abuse of discretion standard." *Cassuto v. Comm'r,* 936 F.2d 736, 740 (2d Cir.1991). "This standard also governs our review of the court's determination of whether the government's position in the litigation was substantially justified." *Id.*

Section 7430 of Title 26 is a fee-shifting statute that applies to this suit by the IRS for a summons enforcement. Section 7430 provides:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for-(1) reasonable administrative costs incurred in connection with such administrative

proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430(a). The statute defines a prevailing party as a party that "(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented." *Id.* § 7430(c)(4)(A)(i). The statute further provides that "[a] party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified." *Id.* § 7430(c)(4)(B)(i).

Cathcart advanced two arguments for why the government's litigation position was not "substantially justified." First, Cathcart argued that he appeared for the summons in the IRS office, found no one there, left a note to that effect, and thus the enforcement action—which rests in part on an allegation that he did not appear for the summons [2]—was not warranted. Second, Cathcart argued that because a bankruptcy petition had been filed prior to this action, the IRS's summons enforcement action had no merit since, to grant it, would have violated the automatic stay created by 11 U.S.C. § 362(a). The government responded that a summons enforcement action, of the type pursued here, falls under the Section 362(a)(9) exception to the automatic stay.

Neither question is obvious and the district court ruled on neither. Rather, the district court denied attorney's fees on the ground that "there has been no showing that the government, in seeking dismissal without prejudice, is acting in bad faith, or that it has acted vexatiously." This is not the correct test under Section 7430. Rather, the "bad faith" test is applicable when a court is deciding whether to use its "inherent authority to award fees when a party litigates frivolously or in bad faith." *Colombrito,* 764 F.2d at 133. Under Section 7430, by contrast, the primary question is not whether the government acted in bad faith, but whether the taxpayer was the prevailing party. *See Weiss v. Comm'r,* 850 F.2d 111, 114 (2d Cir.1988) ("[Section] 7430 is designed to provide for the award of litigation costs to the taxpayer when the taxpayer has incurred costs in defending against an improper assessment by the IRS."); *see also Pac. Fisheries Inc. v. United States,* 484 F.3d 1103, 1107 (9th Cir.2007) ("To prevail on a claim for attorneys' fees, a taxpayer must demonstrate that he has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented. A taxpayer is then entitled to attorneys' fees unless the United States can demonstrate that its position was substantially justified." (internal citation omitted)).

Indeed, by granting costs to Cathcart under Rule 54(d)(1), the district court implicitly treated Cathcart as the prevailing party. *See* Fed.R.Civ.P. 54(d)(1) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party...."). We have held that "a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs." *Dattner v. Conagra Foods, Inc.,* 458 F.3d 98, 101 (2d Cir. 2006). Thus, there is some incongruity in treating Cathcart as a prevailing party under Rule 54(d)(1), but not treating him

---

**2.** *See* 26 U.S.C. § 7604(b) ("Whenever any person summoned ... neglects or refuses to obey such summons ... the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt.").

as a prevailing party under Section 7430. *See id.* (citing *Tunison v. Cont'l Airlines Corp., Inc.,* 162 F.3d 1187, 1189–90 (D.C.Cir.1998), for the proposition that the "meaning of 'prevailing party' is generally same in either context-attorney's fees or costs").

We thus remand to allow the court to determine whether Cathcart is a prevailing party entitled to attorney's fees. In making this determination, if the court is otherwise inclined to treat Cathcart as the prevailing party, the district court should consider the applicability of *Buckhannon Board & Care Home, Incorporated v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), in which the Supreme Court held that, for a party to be "prevailing" in the context of a related fee-shifting statute, there must be a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605, 121 S.Ct. 1835. We have held that the *Buckhannon* rule applies in "prevailing defendant" cases. *Mr. L. v. Sloan,* 449 F.3d 405, 405–06 (2d Cir.2006). The question, therefore, is whether the award of costs or fees as part of the "terms" of a Rule 41(a)(2) dismissal creates a "judicially sanctioned change in the legal relationship of the parties" within the meaning of *Buckhannon.* We express no opinion on this issue.

Before granting attorney's fees, the district court should also consider whether the administrative-exhaustion requirement in 26 U.S.C. § 7430(b)(1) applies to this case and, if so, whether it has been satisfied. *See* 26 U.S.C. § 7430(b)(1) (providing that a court shall not order attorney's fees unless it first determines that the prevailing party "has exhausted administrative remedies available to each party within the Internal Revenue Service"). We also express no opinion on this issue.

We have considered the remainder of plaintiff's arguments and find them to be without merit. We vacate the district court's judgment dismissing the case pursuant to Federal Rule of Civil Procedure 41(a)(2) and remand for the court to consider whether to award Cathcart attorney's fees.