**Darrel D. SMITH, Plaintiff–Appellant,**

v.

**UNITED STATES of America; Internal Revenue Service, Defendants–Appellees.**

No. 08–16448.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2009.

Filed Oct. 23, 2009.

Darrel D. Smith, Las Vegas, NV, pro se.

Richard Farber, Esquire, Supervisory, Teresa T. Milton, DOJ–U.S. Department

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

of Justice, Karen L. Pound, Esquire, Washington, DC, for Defendants–Appellees.

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,* District Judge.

MEMORANDUM **

After Darrel Smith prevailed against the IRS in an adversarial proceeding, he sought an award of attorneys fees under 26 U.S.C. § 7430. The bankruptcy court and district court for the District of Nevada determined that neither Smith nor his bankruptcy estate were eligible for fees under § 7430. Smith has timely appealed. In reviewing a bankruptcy court's decision, this court performs the same function as the district court: reviewing the bankruptcy court's judgment under an abuse of discretion standard. *Pacific Fisheries, Inc. v. United States,* 484 F.3d 1103, 1106 n. 2 (9th Cir.2007); *In re Yochum,* 89 F.3d 661, 670 (9th Cir.1996).

The record indicates that Smith may have nominally represented his bankruptcy estate in the adversarial proceeding, but the bankruptcy estate never paid or incurred fees in connection with Smith's representation. Since § 7430 requires a prevailing party to have paid or incurred fees, neither Smith nor his bankruptcy estate are eligible for an award of fees under § 7430. *See* 26 U.S.C. § 7430(c)(1)(iii) (defining reasonable litigation costs as "reasonable fees *paid or incurred* for the ser-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vices of attorneys in connection with the court proceeding" (emphasis added)); *Morrison v. Comm'r*, 565 F.3d 658, 662 (9th Cir.2009) (holding a prevailing taxpayer can incur fees under § 7430 if the taxpayer assumes either: "(1) a noncontingent obligation to repay the fees advanced on his behalf at some later time; or (2) a contingent obligation to repay the fees in the event of their eventual recovery"). Therefore, the bankruptcy court was obliged to deny fees, without regard to whether the IRS's position was substantially justified.

Finally, the Court declines to address Smith's alternative argument that he is entitled to fees under § 7430(c)(3)(B) because he acted as pro bono counsel for his bankruptcy estate. At best, Smith raised this argument for the first time in his reply brief. This court generally will not consider matters not raised in the appellant's opening brief. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (9th Cir.2009).

Accordingly, the bankruptcy court's decision denying fees to Smith and his bankruptcy estate under 26 U.S.C. § 7430 is AFFIRMED.