**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35404 |
| Petitioner - Appellee, | D.C. No. 3:09-mc-05016-RBL |
| v. | |
| ANDRE D. JONES, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 12, 2012[**]
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

Appellant Andre Jones appeals the district court's denial of his motion for

attorney's fees after the Internal Revenue Service ("IRS") withdrew a petition to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

enforce its summons. Because we agree that the position of the IRS was substantially justified, we affirm.

The IRS questioned Jones' 2006 and 2007 tax returns. In response to an IRS request, he sent in canceled checks to substantiate his returns. Comparing the checks with copies received from the bank, the IRS determined that Jones had fabricated several of the checks. When Jones failed to produce other documents the IRS requested and failed to appear for an interview, the IRS issued a summons. After Jones failed to respond to the summons and to a subsequent "last chance letter," the IRS filed a petition to enforce its summons in the district court. Jones did not respond to the petition, which the district court granted.

Jones then filed a motion to reconsider. Meanwhile, the IRS had pursued other avenues to obtain answers to its questions regarding Jones' income tax liabilities, and it moved to withdraw the petition to enforce the summons. After the IRS withdrew its petition, Jones filed a motion for attorney's fees under 26 U.S.C. § 7430, claiming he was a prevailing party in the petition. The district court denied the motion, concluding that although Jones was the prevailing party, the United States' position was substantially justified. Jones appealed.

We review a district court's denial of attorney's fees under 26 U.S.C. § 7430 for an abuse of discretion. *Pac. Fisheries, Inc. v. United States*, 484 F.3d 1103,

1106 n.2 (9th Cir. 2007). A trial court abuses its discretion if its "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

Jones argues that the district court abused its discretion because it based its decision on the declaration of Agent Sorensen, who Jones claims lacked personal knowledge adequate to support the declaration. However, Sorensen declared that he had personal knowledge of all facts in the declaration and that he gained that knowledge by investigating the case jointly with Agent Tjoa. The United States also filed a declaration by Agent Tjoa in support of its petition to enforce the summons, which Jones does not challenge. Jones has not demonstrated that Agent Sorensen lacked sufficient personal knowledge to support his declaration. The district court did not abuse its discretion by considering the Sorensen declaration along with Agent Tjoa's declaration to deny Jones' request for attorney's fees.

Jones also argues that the summons was issued for the improper purpose of forcing him to testify in violation of his rights under the Fifth Amendment. However, Jones was required to appear in response to the valid summons and was required to assert his rights under the Fifth Amendment on a question by question

basis. *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996) (per curiam).

The district court did not abuse its discretion in finding the United States' position

was substantially justified.

    **AFFIRMED**.