**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TUNG DANG; HIEU PHAM DANG, | No. 21-70922 |
| Petitioners-Appellants, | Tax Ct. No. 21100-17L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted February 8, 2022
Phoenix, Arizona

Before: O'SCANNLAIN and GRABER, Circuit Judges, and FITZWATER,** District Judge. Concurrence by Judge O'SCANNLAIN.

Plaintiffs Tung and Hieu Phang Dang appeal the tax court's denial of their

motion for administrative and litigation costs in their collection dispute with the

Internal Revenue Service ("IRS"). Reviewing the tax court's denial of the motion

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

for costs for abuse of discretion, <u>Pac. Fisheries Inc. v. United States</u>, 484 F.3d 1103, 1106 n.2 (9th Cir. 2007), we affirm.

1. Plaintiffs are ineligible for an award of administrative costs. To the extent that they seek administrative costs for their <u>examination</u> dispute with the IRS, their request is untimely, and they were not the prevailing party. To the extent that they seek administrative costs for their <u>collection</u> dispute with the IRS, they are ineligible because no costs were incurred before the commencement date for the relevant administrative proceeding. 26 U.S.C. § 7430(c)(2).

2. Plaintiffs also are ineligible for an award of litigation costs. The IRS's answer before the tax court conceded that Plaintiffs' petition was correct, and the agency immediately sought a remand so that the IRS Office of Appeals could consider Plaintiffs' argument as they requested. Accordingly, the tax court permissibly concluded that the IRS's litigation position was substantially justified. 26 U.S.C. § 7430(c)(4)(B); <u>see</u> <u>Huffman v. C.I.R.</u>, 978 F.2d 1139, 1148 (9th Cir. 1992) ("[I]f the Government concedes the petitioner's case in its answer, its conduct is reasonable.").[1]

**AFFIRMED.**

---

[1] Appellants' motion to take judicial notice, Docket No. 13, is **DENIED**.

*Dang v. C.I.R.*, No. 21-70922

O'SCANNLAIN, Circuit Judge, concurring:

The Commissioner has relied on 26 C.F.R. § 301.7430-3 in his briefing and analysis. While we need not reach the validity of the regulation in the resolution of this case, I write separately to express my view that such regulation is invalid because it is not "a permissible construction of" 26 U.S.C. § 7430. *Altera Corp. & Subsidiaries v. C.I.R.*, 926 F.3d 1061, 1075 (9th Cir. 2019) (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984)).

The regulation excludes collection actions from the definition of administrative proceedings, which is contrary to the plain language of the statute. Specifically, the regulation states that "an administrative proceeding does not include . . . [p]roceedings in connection with collection actions." 26 C.F.R. § 301.7430-3(a)(4). But that is at odds with the Congressional command. The statute explicitly allows for award of costs "[i]n any administrative . . . proceeding . . . in connection with the . . . collection . . . of any tax, interest, or penalty." 26 U.S.C. § 7430(a). Further, it goes on broadly to define "administrative proceeding[s]" to include "*any* procedure or other action before the Internal Revenue Service." 26 U.S.C. § 7430(c)(5) (emphasis added). Both the explicit enumeration and the broad definition indicate that collection actions are administrative proceedings.

In defense of the regulation, the Commissioner claims that because the hanging paragraph of 26 U.S.C. § 7430(c)(2) precludes the recovery of "reasonable administrative costs" in collection hearings, it follows that such hearings are not "administrative proceedings." *See also* H.R. Rep. No. 100-1104, pt. 2, at 226 (1988) (Conf. Rep.) ("Thus, with respect to a collection action, only reasonable litigation costs are recoverable under this provision.").

Although I agree with this reading of the hanging paragraph, such argument disregards the fact that what constitutes an administrative proceeding is relevant, not only to administrative costs, but to litigation costs as well. Subsection (c)(2) specifies that accumulation of costs is triggered by the earliest of notice of decision, notice of deficiency, and letter of proposed deficiency. Because the only document relevant to collection hearings is the notice of decision—received at the end of such a hearing—no administrative costs accumulate.

However, by excluding collection hearings from the definition of administrative proceedings, the Commissioner handicaps taxpayers' pursuit of *litigation* costs. For example, a presumption of no justification attaches if the IRS "did not follow its applicable published guidance in the *administrative proceeding*." 26 U.S.C. § 7430(c)(4)(B)(ii) (emphasis added). In this litigation, the Commissioner conceded that the IRS failed to observe a published guidance. Nevertheless, while disputing taxpayers' entitlement to litigation costs, he argued that no presumption

arises because collection actions are not administrative proceedings per 26 C.F.R. § 301.7430-3. Thus, excluding collection hearings from the definition of administrative proceedings affects not only administrative, but also litigation costs.

Although we did not have to reach the validity of the regulation in resolving this appeal, I feel compelled to note that 26 C.F.R. § 301.7430-3 is not a reasonable reading of the statute because it disregards its plain language and affects litigation costs, in addition to administrative costs.